## N. Y. COMMON PLEAS.

PEANE BRUMMER, respondent, agt. JACOB COHN, appellant.

*Insurance (life) — Endowment policy upon life of husband for benefit of wife not assignable by her — Laws of 1840, chapter 277.*

An endowment policy on the husband's life, payable on a day certain, or previous to that time, if the husband should die before said date, to his wife, her executors, administrators or assigns, although the premiums be paid by the husband, should be regarded as a life policy, to all intents and purposes, during its continuance, and, therefore, *non-assignable (Affirming S. C., 57 How., 386).*

It is not necessary that the policy should refer, in terms, to the act of 1840 (*chap.* 277), or to the acts amendatory thereof, nor that the policy should contain provisions for the benefit of the children in case the wife should not survive her husband.

*General Term, January, 1880.*

*Julien T. Davies,* for appellant.

*A. Blumenstiel,* for respondent.

LARREMORE, *J.* — On May 12, 1868, in consideration of representations made in the application hereinafter referred to, and in consideration of the sum of $287.30 duly paid to the Mutual Life Insurance Company of New York by Peane Brummer, the respondent, wife of Aaron Brummer, and in consideration of the annual payment of a like amount on or before May twelfth in each and every year during the continuance of the policy hereinafter mentioned, the said company did insure the life of the said Aaron Brummer in the amount of $10,000. Said company promised to pay said amount to the said Peane Brummer, her executors, administrators or assigns, on May 13, 1883, or within sixty days after due notice and proof of the death of said Aaron Brummer, should he die

previous to said date. This agreement and certain covenants and conditions were embraced in a policy, No. 81,430, issued by said company to said Peane Brummer, and upon which the premiums therein mentioned have been duly paid by her husband. On July 11, 1874, Mrs. Brummer assigned this policy to the appellant Cohn, and guaranteed the validity of the assignment. The respondent brought suit to compel a reassignment of the policy, alleging in her complaint that said assignment was made as security for a loan to her husband, which loan had been repaid to appellant. The appellant denied such repayment; issue was joined between the parties which was tried and decided in favor of the respondent on the ground that such assignment was void at law under the statute of 1840 (*chap.* 80).

A judgment was entered on such decision directing a reassignment of the policy in question, and that the same and the assignment thereof be filed with the clerk of this court. Cohn complied with the terms of the judgment, and now brings this appeal.

Although the issues of a loan by the appellant to the husband of respondent, and payment thereof were distinctly raised by the pleadings, the decision was put upon the sole ground of the non-assignability of the policy in question. It was admitted on the trial that, at the time of the application for insurance, and, also, at the time of this assignment, the respondent was a married woman, having children, then living and still living. The only question for review, in the case as presented, is whether the policy in question is within the meaning and intent of the statute, entitled "An act in respect to insurances for lives, for the benefit of married women," passed April 1, 1840 (*Laws* 1840, *chap.* 80), and the acts amendatory thereof.

It will be seen that this is not an ordinary policy upon the life of the husband in favor of the wife, and payable on his death to her or her legal representatives. It is an endowment policy, payable on a day certain, May 12, 1883, or previous to

that time if the husband should die before said date. The counsel for the appellant argued that the act of 1840, above referred to, does not cover such a policy, and that the same was nothing more or less than a chose in action in the hands of the wife, which she might assign or dispose of at pleasure. In support of this theory he refers to the phraseology of the policy, calling attention to the fact that it is made in favor of the respondent, her *executors, administrators* or *assigns*, and that there is no reference in the instrument to the act of 1840.

This act, it has been held, looks to a provision for a state of widowhood and for orphan children, which the policy in question does not seem to contemplate, and for which it does not expressly provide. The statute of 1840 does not prescribe the terms of the policy to be issued thereunder, and, therefore, the intention of the parties thereto is a question of fact to be ascertained by the court, when, by the terms of the policy, it is not clear whether it was issued for the benefit of a wife, as a wife, or as a creditor, or in some other capacity in which she may have an insurable interest.

By the common law a person could insure only the interest which he had in the life of another, and not beyond the value of such interest. The act of 1840, as amended by act of 1858 (*chap.* 187), act 1862, (*chap.* 70), act 1866 (*chap.* 656), act 1870 (*chap.* 277), enable a married woman to insure, for her sole use and benefit, the life of her husband for *any definite period,* or *for the term of his natural* life. If she survived such period or term, the insurance money would be payable to her for her own use, free from all claims of the representatives or creditors of her husband (*Eadie* agt. *Slimmer,* 26 *N. Y.,* 9).

By the act of 1866, chapter 656, the insurance, in case of the wife's death before the period at which it became due, might be made payable to her husband or their children, or their guardian, if minors.

In *Barry* agt. *The Equitable Life Insurance Company* (59 *N. Y.,* 587), the doctrine of the non-assignability of

a policy, issued under the act of 1840, is maintained. In each of the cases above cited, however, there was a reference to the act, or an express use of its terms in the policies, to show the intention of the parties thereto. The case of *Wilson* agt. *Lawrence* (13 *Hun*, 238, *affirmed by court of appeals*), is nearer in point. The policy in that case contained no reference to the act in terms, but recites payment of the first premium thereon by the wife, and was therein made payable to the wife, her executors, administrators or assigns. It was held, that such a policy on its face would have been a valid contract with the wife at common law. The trial court found that the policy was issued upon the husband's application, and that he paid all the premiums. " These circumstances " (say the appellate court) " and the fact that the policy was not payable till his death, warranted the further finding that the husband designed the policy as a provision for the support of his wife during widowhood." " That no provision is made for children does not militate against the statute, for there was no evidence that they had children." The policy last mentioned was held to be within the statute.

Applying the facts and rulings in this case to the one at bar, we find the following points of contact:

1st. The policy was issued in the name of the wife, and contains a recital that the first premium was paid by her.

2d. The insurance money was made payable to the wife, her executors, administrators or assigns.

3d. The policy was issued on application of the husband, who paid the premiums therefor, other than the first premium.

A distinction now arises between the cases cited, and that under consideration. In the former the insurance was for the life of the husband; in the case before us it is limited to a fixed period, and liable to an earlier termination by the death of the husband. The question then occurs, can an act, construed and intended to make provision for a state of widowhood and orphanage, be invoked in a case where there is a possibility that such a state of domestic relations may not

Brummer agt. Cohn.

exist during the running of the policy? If the plaintiff, her husband and their children outlive May 12, 1883, will the object of the statute be met in an application of its provisions to a state in which there is neither widowhood nor orphanage?

The act of 1840 authorizes an insurance in behalf of a married woman during the natural life of her husband, or *for any definite period.* This latter provision must have some significance, as used, in contradistinction to that of *natural life.* The judge who tried the cause found, among other matters of fact, that the policy in dispute was taken out by the husband of the plaintiff with the object of securing a provision and maintenance for his wife and children in accordance with the provisions of the act of 1840, and the amendments thereto, and not for any other purpose; that there were children of the marriage between plaintiff and her husband living at the time of the issuance of the policy, and that plaintiff and her husband are still living.

Upon the testimony and findings taken in connection with the legal fact that the statute authorizes an insurance by a wife upon the life of her husband for any definite period as well as for life, I am of opinion that the policy in question in this case should be regarded as a life policy, to all intents and purposes, during its continuance, and therefore non-assignable, and that the judgment appealed from should be affirmed.

DALY, Ch. J., and VAN BRUNT, J., concurred.