By the Court.—Sedgwick, J.
Brummer v. Cohen, decided by the general term of the New York common pleas (58 How. Pr. 239), the discussion in the opinion of Jndge Larremore in that case at general term, and of Judge J. F. Daly at special term, and the cases cited *133 by those judges, require that there should be an affirmance of the position taken below, that the assignment of the defendant to plaintiff was void. The interest of the wife is non-assignable, on the ground that the intent of the statute would be defeated, if such a policy were held to be assignable (Eadie v. Slimmon, 26 N. Y. 15).
It is then further to be observed that the guaranty by a wife, of the validity of such an assignment, must partake of the fundamental objection to the assignment itself. If the guaranty be valid, the law would not declare the assignment invalid. A promise to make the assignment valid and sufficient has not as much strength as actually assigning.
The learned counsel for appellant argues that, the payment of premiums by plain tiff in her own right, and while claiming to be the owner of the policy, cannot inure to the benefit of the defendant. ‘1 Whether or not the policy that is attempted to be assigned is or shall be kept alive, so far as the payment of premiums affects this question, depends upon the position that the company may take. The assignee pays the premium from time to time. If it be assumed that the assignee does not, by legal construction, act for the real owner of the policy, if the company receives the premium, knowingly or unknowingly, from the assignee, the sole effect is, that the policy has been, as matter of fact, kept in being, to be enforced according to its terms. It concerns the company only to raise the question that the party interested in the policy did not tender the premium, and that it was not obliged to receive a premium from a stranger, if an assignee of this kind be a stranger. The assignee voluntarily keeps the policy alive to be enforced according to its terms, and his sole right is confined to a claim he may make to the. amount of the premiums paid by him.
I am of opinion (Brummer v. Cohen, supra) that it is *134 presumed from the form of a policy of this kind that it was issued for the purposes declared-to be lawful by the act of 1840, and that the force of this presumption would not be destroyed, by proving that the wife had once before assigned the policy for the husband’s benefit, regaining it by reassignment. Perhaps, though it is not necessary to decide this, no amount of acts or words on the part of the wife, after the policy is issued, could be given in evidence to show that the policy was not protected by the statute, for she might in that way succeed in violating the intent of the statute which is a prohibition upon her.
We think the learned judge was right, in the exercise of his discretion, in adjudging costs against the plaintiff. There might be a doubt, if only personal rights were concerned, .that depended upon the agreement of parties. But there is a matter of public policy involved. The statute is well known. Its construction has been settled for many years, and any party that bases a claim that is forbidden by it, should do so with the risk of paying the costs of the action in which the claim is made.
Judgment affirmed, with costs.
Freedman, J., concurred.